**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: Massachusetts |
|---|---|
| Name (under which you were convicted): Bader Al Saud | Docket or Case No.: SJC-10760 |
| Place of Confinement: Sentenced to Probationary Term in Suffolk Superior Court (with suspended sentence) and Default Warrant issued for arrest | Prisoner No.: |
| Petitioner (include the name under which you were convicted): Bader Al Saud v. | Respondent (authorized person having custody of petitioner): Dr. Robert J. Corbett, Jr. & Pamerson Ifill |
| The Attorney General of the State of Massachusetts | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
Suffolk County Superior Court, 3 Pemberton Square, Boston, MA 02108

(b) Criminal docket or case number (if you know): SUCR2002-11309

2. (a) Date of the judgment of conviction (if you know): 11/17/2005

(b) Date of sentencing: 11/17/2005

3. Length of sentence: Two years House of Correction, One year to serve, balance suspended two years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Violation of M.G.L.c. 90 section 24G(b), misdemeanor motor vehicle homicide. Petitioner plead guilty and was sentenced to two years in the House of Correction, one year to serve, balance suspended for two years. Petitioner also plead guilty to a violation of M.G.L. c. 90 section 10, unlicensed operation of a motor vehicle; that count was placed on file with the Petitioner's consent and without a sentence being imposed.

6. (a) What was your plea? (Check one)

☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☑ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ☐ Yes ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Suffolk Superior Court

(2) Docket or case number (if you know): SUCR2002-11309

(3) Date of filing (if you know): 7/11/2008

(4) Nature of the proceeding: Motion to Dismiss (Terminate) Probation

(5) Grounds raised:

After the Petitioner completed his period of incarceration, he was transferred into federal (I.C.E.) custody, and forced to (voluntarily) depart the United States. Nearly two years later, Petitioner was issued a Notice of Surrender for violation of the terms of his probation. Petitioner filed a Motion to Dismiss (Terminate) Probation, and the Office of the Commissioner of Probation filed a Motion seeking a Default Warrant for the Petitioner. Thereafter, Petitioner's Motion to Dismiss was denied, and Probation's Motion for the warrant was allowed.

See also Addendum "A"

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: Petitioner's Motion to Dismiss denied; Probation's motion for warrant allowed.

(8) Date of result (if you know): 9/30/2008

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Suffolk Superior Court

(2) Docket or case number (if you know): SUCR2002-11309

(3) Date of filing (if you know): 6/29/2012

(4) Nature of the proceeding: Motion to Correct the Sentence and Vacate Default Warrant

(5) Grounds raised:

Contemporaneous with the filing of this Petition, Petitioner has filed a motion in Suffolk Superior Court to correct the written portion of his sentence, pursuant to Mass. R. Crim. P. 42, 30(a) and 30(b). Specifically, Petitioner is requesting the sentencing judge to amend to the docket in the underlying case to reflect her order, stated on the record at the time of sentencing, that the defendant shall only be required to submit to probation conditions if he remains in the United States after completing the committed portion of his sentence. In addition, Petitioner is also requesting that the sentencing judge vacate the default warrant, and terminate his probation.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: Petitioner has requested and is awaiting a hearing date on the above Motion

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☐ Yes ☑ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Addendum "B"

(b) If you did not exhaust your state remedies on Ground One, explain why:

Petitioner exhausted state remedies on Ground One.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion to Dismiss (Terminate) Probation (See Response to Question 10)

Name and location of the court where the motion or petition was filed:
Suffolk Superior Court

Docket or case number (if you know): SUCR2002-11309

Date of the court's decision: 9/30/2002

Result (attach a copy of the court's opinion or order, if available):
Petitioner's motion was denied. See copy of trial court opinion, attached.

(3) Did you receive a hearing on your motion or petition? ☑ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
Massachusetts Appeals Court; Transferred sua sponte to Massachusetts Supreme Judicial Court

Docket or case number (if you know): 2009-P1948; SJC-10760

Date of the court's decision: 4/4/2011

Result (attach a copy of the court's opinion or order, if available):
Trial court's denial of Petitioner's motion to dismiss affirmed; Trial court's allowance of Probation's motion for default warrant affirmed. See SJC opinion, attached.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☑ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

Contemporaneous with the filing of this Petition, Petitioner has filed a motion in Suffolk Superior Court, Docket Number SUCR2002-11309, to correct the written portion of his sentence, pursuant to Mass. R. Crim. P. 42, 30(a) and 30(b). Specifically, Petitioner is requesting the sentencing judge to amend to the docket in the underlying case to reflect her order, stated on the record at the time of sentencing, that the defendant shall only be required to submit to probation conditions IF he remains in the United States after completing the committed portion of his sentence.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Arnold R. Rosenfeld, Michael DeMarco, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111

(b) At arraignment and plea:

Arnold R. Rosenfeld, Michael DeMarco, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111

(c) At trial:

(d) At sentencing:

Arnold R. Rosenfeld, Michael DeMarco, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111

(e) On appeal:

(f) In any post-conviction proceeding:

Arnold R. Rosenfeld, Michael DeMarco, Nicole Newman, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111

(g) On appeal from any ruling against you in a post-conviction proceeding:

Arnold R. Rosenfeld, Michael DeMarco, Nicole Newman, K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

While the Petitioner's conviction was entered on November 17, 2005 pursuant to a guilty plea, and while he did not challenge that decision, the due process violation challenged in the instant petition did not occur until the Probation Department served a notice of surrender on July 2, 2008. At the probation surrender hearing that followed, the Probation Department asked the court to issue a default warrant for failure to comply with his conditions of probation, despite the fact that he had been removed from the United States in the custody of federal immigration agents (pursuant to his plea agreement, the order

of the court at sentencing, and prior arrangement with immigration authorities). On September 30, 2008, the default warrant issued. The Petitioner timely appealed to the Massachusetts Appeals Court. On July 30, 2010, the case was transferred sua sponte to the Supreme Judicial Court. A decision issued on April 4, 2011, and the Petitioner files this petition within one year of that decision becoming final. Where the violation of the Petitioner's due process rights did not occur until nearly three years after his conviction became final and could not have been anticipated at the time of his plea, and where he took all necessary steps to exhaust that issue once it arose, he has shown cause and prejudice for any purported default. 28 U.S.C.A. § 2254(b)(1)(A).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
Vacate default warrant and terminate probation.

or any other relief to which petitioner may be entitled.

/s/ R. Matthew Rickman

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 6/28/2012 (month, date, year).

Executed (signed) on 6/28/2012 (date).

/s/ Bader Al Saud

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.