BADER AL SAUD V. DR. ROBERT J. CORBETT, JR., Acting Commissioner, Massachusetts Office of the Commissioner of Probation, et al

ADDENDUM B

**Ground for Habeas Relief**

**GROUND ONE**: The Issuance of the Default Warrant Against Petitioner is a Violation of Due Process

(a) Supporting Facts

On December 19, 2002, Petitioner was indicted for the crime of motor vehicle homicide, a felony crime. On November 17, 2005, pursuant to a plea agreement with the District Attorney of Suffolk County, the Petitioner pled guilty to the misdemeanor crime of motor vehicle homicide. He was sentenced to two years in the House of Correction, one non-mandatory year to be served and two years probation upon his release from incarceration. The recommendations of both Petitioner and the District Attorney, filed prior to the Change of Plea Hearing and adopted by the Court, stated that the Petitioner, through counsel, was to seek to obtain permission from the Department of Homeland Security, Immigration and Customs Enforcement Division ("ICE"), for the Petitioner to leave the United States upon his release from incarceration via voluntary departure as opposed to deportation. On June 21, 2006, the Massachusetts Parole Board held a hearing at the Dukes County House of Correction and agreed to parole the Petitioner. As per the agreement with ICE and since the Petitioner was a foreign national on an expired visa and passport, and had been convicted of a crime, the parole was to the custody of ICE. ICE decided to transport the Petitioner directly from the Dukes County House of Correction to Logan Airport in Boston to allow the Petitioner to voluntarily depart the United States while he was in their

custody. According to the conditions under which the Petitioner left the United States, he can only return with the permission of ICE.

Despite knowledge of these facts and the established notion that federal law takes precedent over state law, the Probation Department ("Probation") served a Notice of Surrender on July 2, 2008, for failure to comply with conditions of probation, to report to Probation upon release, to pay fees, and to verify his address. At the probation surrender hearing, Petitioner was represented by counsel; however, because Petitioner was not present, the Probation Department (by and through legal counsel for the Office of the Commissioner of Probation) filed a motion asking the Court to issue a Default Warrant. On September 30, 2008, the Default Warrant was issued and Petitioner appealed. On April 4, 2011, the Massachusetts SJC agreed that when Petitioner "voluntarily departed" from the United States, he violated the terms of his probation, and that the Default Warrant was properly issued for his arrest.

As a result of the Massachusetts SJC's decision, the Default Warrant remains in effect for Petitioner. Should Petitioner return to the United States, he could be immediately arrested because of the warrant. Somewhat paradoxically, the only way Petitioner can eliminate the warrant in state court is to return to Massachusetts and personally appear in state court for a hearing. But to do so, he risks imprisonment.

The issuance of the Default Warrant against Petitioner denies him basic due process protections. By complying with the terms of the plea agreement, the order of the sentencing judge, as well as federal law (pursuant to his agreement with ICE to depart the country), Petitioner was excused from satisfying the (conditional) requirement of his probation that he present himself to the probation department. Alternatively, if Petitioner was not excused, he never received clear notice or guidance about the conditions of his probation after his required

departure to Saudi Arabia. The Massachusetts SJC's interpretation of his probationary obligations denies him due process. Now, the existence of the Default Warrant prohibits Petitioner from having his opportunity to be heard. He cannot return to the United States without fear of imprisonment. Therefore, because the decision of the Massachusetts SJC deprives Petitioner his right to due process and fundamental fairness in violation of established federal law, habeas relief is warranted.